UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RONALD W. DEL SESTO, ESQ., ) <br> as administrator for the Estate of Mark ) <br> Lindquist, ) <br> ) <br>            Plaintiff ) <br> ) <br> v. ) <br> ) <br> JEANNE MURPHY, ) <br> ) <br>            Defendant. ) | Civil No. 04-143-B-W |

**MEMORANDUM OF DECISION ON MOTION TO AMEND**

Ronald W. Del Sesto, Esq., the administrator of the Rhode Island Estate of Mark Lindquist, commenced this action against Maine resident Jeanne Murphy, the decedent's sister, on August 17, 2004, to recover funds allegedly owned by the Lindquist Estate. The gravamen of Del Sesto's complaint is that, shortly after Lindquist's death, Murphy wrongfully withdrew $124,000.00 from a bank account opened in the name of Land Quest Transportation Co., a business enterprise operated by Lindquist. Del Sesto maintains that the funds belong to the Lindquist Estate and he alleged claims of conversion, negligence and constructive fraud. On November 17, 2004, I issued an order granting an attachment and an attachment on trustee process in Del Sesto's favor in the amount of $41,000.00. Thereafter, Murphy transferred the funds in question into a bank account held in the name of one of her minor children. In response, Del Sesto moved *ex parte* on February 18, 2005, to amend his complaint to add Murphy's two children as defendants, to add a claim for fraudulent transfer, and for an attachment on trustee process against accounts held by Murphy's children. I denied this motion on February 22, 2005,

because I was unwilling to allow amendment of the complaint on an *ex parte* basis and because it was apparent that Del Sesto had no basis to assert a claim against one of Murphy's children. (Docket No. 33.) Now pending is Del Sesto's second motion to amend (Docket No. 34), in which he seeks to add a fraudulent transfer claim against Murphy, without adding additional defendants to the mix. Murphy objects to the motion. I grant the motion because there is no contention that pursuit of a fraudulent transfer claim would be futile and because the newly developed facts and circumstances appear to support such a claim.

## Discussion

After a responsive pleading has been served, a party may amend his complaint "only by leave of court or by written consent of the adverse party." Rule 15(a). Leave to amend "shall be freely given when justice so requires." Id. In Foman v. Davis, the Supreme Court instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion "should be made as soon as the necessity for altering the pleading becomes apparent." 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1488 (2003).

The deposition testimony on which the fraudulent transfer claim is based was provided on January 17, 2005. Del Sesto filed the pending motion on March 21, 2005, the final day of the discovery period, after her abortive attempt at an *ex parte* amendment. Murphy would have been placed on notice of Del Sesto's intention to amend on February 22, 2005, the date on which I

denied the *ex parte* motion.  As of the date of this Memorandum of Decision, the discovery period permitted by the court's scheduling order has expired and Del Sesto has not made any request for further discovery concerning his proposed additional claim.  Thus, Murphy will not be subjected by this amendment to overly burdensome changes in the nature of her obligations to afford Del Sesto with discovery concerning his claims.  I also find that the motion was filed within a reasonable time following the discovery of the new evidence on which the proposed additional claim depends and that nothing in the timing of the motion generates any prejudice for Murphy.  Furthermore, there is not so much as a suggestion in the parties' papers of any undue delay, bad faith or dilatory motive on Del Sesto's part.  Thus, I pause only to consider Murphy's suggestion that permitting the amendment would prejudice her defense against the currently pending claims.

     According to Murphy, the proposed fraudulent transfer claim is an inappropriate diversion from the fundamental issue of "who had legal ownership of the $124,094.30 on deposit in the original [bank] account."  (Opp'n Mem., Docket No. 40, at 2.)  Murphy complains that she will be prejudiced by the addition of the proposed claim because:

> Should a jury find that the alleged fraudulent conveyance did occur, a conclusion which can be reached regardless of whether the Defendant was found to have owned the funds in the [bank] account or not, the jury may have difficulty in distinguishing the fact that the counts set forth in the Complaint have nothing to do with the alleged fraudulent transfer the Plaintiff is now alleging occurred after Plaintiff brought suit.

(Id. at 4.)  In particular, Murphy is concerned that the jury might confuse the pending constructive fraud claim (and its attendant plea for punitive damages) with the proposed fraudulent transfer claim and inappropriately impose liability on the former claim based on the evidence related to the latter, even though the latter claim would arise from a different set of operative facts.  (Id. at 4-5.)  I conclude that the concerns raised by Murphy in her opposition

3

memorandum do not support a finding of unfair prejudice. The concern over juror confusion can be overcome with appropriate instructions and the causal relationship between this litigation and the alleged transfer justifies the inclusion of the proposed claim in this lawsuit rather than, as Murphy suggests, in a separate lawsuit that would entail much duplicative effort. In addition, any prejudice that may result from the amendment is not "undue" in this case because it would arise solely as a consequence of Murphy's own conduct, not from any improper activity or inactivity on the part of Del Sesto. Accordingly, I conclude that the equities of affording Del Sesto this additional opportunity to recover funds to which the Estate is potentially entitled outweighs the small degree of prejudice suggested by Murphy in her opposition memorandum.

## Conclusion

For the reasons set forth herein, I now **GRANT** the motion to amend (Docket No. 34). The amended complaint shall be filed forthwith.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 25, 2005

/s/Margaret J. Kravchuk
U.S. Magistrate Judge